**Alexei RUIZ, Petitioner–Appellant,**

**v.**

**R.A. CASTRO, Warden of High Desert State Prison, Respondent–Appellee.**

**No. 01–16532.**
**D.C. No. CV–00–20855–JF.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 9, 2002.*

Decided Oct. 21, 2002.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before KOZINSKI and KLEINFELD, Circuit Judges, and GEORGE, Senior District Judge.\*\*

### MEMORANDUM \*\*\*

Petitioner Alexei Ruiz appeals the denial of his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Ruiz was convicted in California state court of first degree murder in the beating death of Bryson Blackman. During trial, Ruiz testified that on the evening of the beating, he was looking for an individual named DeVon Briddick who owed him money, and wanted only to ask Blackman if he knew where Briddick was. During cross-examination, the prosecutor asked Ruiz about Briddick, who had by then been shot to death in a different incident. Police reports on Briddick's shooting contained statements from Briddick's family members suggesting that Briddick had been shot because he had taken money from Ruiz.

The following exchange occurred:

Q: DeVon Briddick took your money and didn't give it back to you, didn't he?

A: Exactly.

Q: And DeVon Briddick went to L.A. and took Bryson with him, didn't he?

A: I don't know.

Q: DeVon Briddick took Bryson Blackmon [sic] to L.A. and spent your money in L.A. Isn't that correct?

A: I don't know. If that's what it is, it is. I don't know. That's the first time I hear this.

Q: DeVon Briddick got shot because of that. Isn't that correct?

A: Because of what?

Q: Because of taking your money and going to L.A. with Bryson Blackmon [sic] and spending it in L.A.

A: I don't think so. The first time I found out about him getting shot because of me was on the reports. That's my first time ever having knowledge of that.

Q: What did you say? The first time you heard that DeVon was shot be-

---

\*\* The Honorable Lloyd D. George, Senior United States District Judge for the District of Nevada, sitting by designation.

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

cause of you was in the police reports?

A: Yes ——.

On appeal, Ruiz argues that the prosecutor's references to the shooting of Briddick so infected his trial with unfairness as to make his conviction a denial of due process. *See Darden v. Wainwright,* 477 U.S. 168, 181, 106 S.Ct. 2464, 91 L.Ed.2d 144 (1986). The misconduct, however, was limited to three improper questions during the course of a lengthy trial. The questions did not directly implicate Ruiz in the shooting of Briddick, and Ruiz consistently denied any personal knowledge of the shooting.

In addition, the trial court sustained defense counsel's objection, specifically admonished the jury that the prosecutor's questions were improper, and struck the questions. The trial court further asked the jurors if they were able to follow the admonition and requested both counsel to observe the jurors' reaction during the inquiry so that a follow-up inquiry could be conducted in chambers if necessary. None of the jurors indicated an inability to follow the admonition.

We place the prosecutor's questions in the context of the entire trial, *see Greer v. Miller,* 483 U.S. 756, 766, 107 S.Ct. 3102, 97 L.Ed.2d 618 (1987), and also take into account the trial court's care in avoiding prejudice to the defendant by giving a proper curative instruction. *Id.* at 766 n. 8 ("We normally presume that a jury will follow an instruction to disregard inadmissible evidence inadvertently presented to it, unless there is an 'overwhelming probability' that the jury will be unable to follow the court's instructions, and a strong likelihood that the effect of the evidence would be 'devastating' to the defendant.") (citations omitted). We conclude that the district court appropriately found no due process violation on the facts of this case.

AFFIRMED.